BASCHAB, Judge,
dissenting.
Officer Robinson’s testimony as to when he gave the appellant a ticket is not clear. On cross-examination, he stated that it *450 “[pjrobably” took him “upwards of twenty minutes” to issue a ticket to the appellant and that “it usually took [him] about fifteen to twenty minutes” to write a ticket. (R. 9, 12.) However, he never stated with certainty how long it took him to issue the ticket to the appellant.
Also, Robinson’s testimony as to when he received the information about the narcotics and when he conducted his investigation is not clear. On cross-examination, he testified that they conducted their investigation and search after he issued the ticket. On re-cross-examination, he testified that he was not sure whether he received the information about the narcotics before or after he issued the ticket to the appellant. The majority states that, “[b]e-cause the officer has twice been asked the sequence of these events, responding firmly originally and then stating that he did not know, it seems a waste of judicial efficiency to ask a third time.” 953 So.2d at 449. However, the defense did not ask Robinson the same question on cross-examination and re-cross-examination. On cross-examination, the defense asked when the investigation and search were conducted. On re-cross-examination, the defense asked, for the first time, when he received the information about the narcotics that caused him to detain the appellant and conduct a narcotics investigation.
Thus, from the record before us, it is not clear whether Robinson obtained the information about the narcotics before or after he issued the ticket to the appellant. Therefore, we should remand this case to the trial court for clarification as to whether Robinson received the information about the narcotics that caused him to detain the appellant for further investigation before or after he issued the ticket to the appellant. Accordingly, I respectfully dissent.